# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CR-0016-CVE |
| | ) | |
| LESLIE SUSAN HARRISON, | ) | |
| a/k/a "Leslie Stultz," | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court are Defendant's Motion for Continuance Pursuant to 18 U.S.C. § 3161(h)(7)(b)(ii) (Dkt. # 10). Defendant requests a 60-day continuance of the pretrial conference currently set for April 5, 2012 and of the jury trial currently set for April 16, 2012.

The indictment (Dkt. # 2) was filed on February 7, 2012, and charges defendant with one count of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846. The conspiracy is alleged to have occurred between 2007 and 2010 and is alleged to have included acts committed in Oklahoma, Missouri, and Kansas. Defendant currently resides in Kansas and defense counsel states that potential witnesses also reside in Kansas. Defense counsel further states that the government has produced over 5000 documents in discovery and counsel anticipates that more documents will be produced in the future.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a

speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends-of-justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends-of-justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends-of-justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate under the circumstances of this case. Defense counsel states that he has exercised due diligence in reviewing discovery material. However, defendant's counsel states that the current schedule does not give him adequate time to prepare for trial. The Court finds that it would be unreasonable to expect defense counsel complete the review of discovery materials and prepare for trial in the time provided by the Speedy

2

Trial Act. The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from defendant's interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendant's interest of having adequate time to prepare for trial. The defendant's interest in having adequate time to prepare for trial outweighs the public's interest in a speedy trial.

Defendant further ask the Court to declare this matter a complex case under § 3161(h)(7)(B)(ii). The Court has reviewed the motion and concludes that, based on the amount of time that has passed since the commission of many of the acts alleged in the indictment and the fact that the alleged acts occurred throughout three different states, this case should be declared a complex case under § 3161(h)(7)(B)(ii).

Absent extraordinary circumstances, no further continuances will be granted.

**IT IS THEREFORE ORDERED** that 's defendant's Motion for Continuance Pursuant to 18 U.S.C. § 3161(h)(7)(b)(ii) (Dkt. # 10) is **granted**. The pretrial conference set for April 5, 2012 at 10:00 a.m. and the jury trial set for April 16, 2012 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | **May 29, 2012 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 11, 2012 |
| **Jury Trial:** | **June 18, 2012 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between April 16, 2012 and June 18, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 30th day of March, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE